*182
 
 Ruffin, C. J.
 

 Whether the defendant lived in the house by an assignment or underletting from the lessee, or by her license merely and at her will, he was equally precluded from questioning the lessor’s
 
 title;
 
 for he came in under-him, and cannot withhold the possession, when the term has expired or been legally surrendered.
 

 It was competent to the defendant to shew, that the supposed surrender was ineffectual, as the original tenant, before the alleged surrender, had underlet a part of the preña-ses, or assigned the whole of them to him. But as that could only be by contract with her and was peculiarly within the- defendant’s knowledge, the
 
 onus
 
 of establishing the agreement was on him. Instead of doing so clearly, there was no evidence of any such agreement. It did not appear, that the defendant paid or undertook to
 
 pay any
 
 rent or price, or even that the apartments were occupied as distinct tenements, or that the defendant had a family living with him, or carried on any separate business, or, in fine, that there was any thing
 
 to show,
 
 that those two persons did not live together in the house as hers, with a free communication between the two rooms. The Court might, therefore, have properly told the-jury, that there was no evidence of a title in the defendant to any part of the term. But the Court gave him the benefit of that hypothesis, by submitting the question- of fact to the jury, and they found it against the defendant,, which certainly disposes of the-case.
 

 Per Curiam.. Judgment affirmed..